**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-2(c)
**GENOVA BURNS, LLC**
110 Allen Road, Suite 304
Basking Ridge, New Jersey 07920
Phone: (973) 467-2700
Fax: (973) 467-8126
*Proposed Counsel for Elite Home Products,Inc.,*
*Debtor-in-Possession*
**DANIEL M. STOLZ, ESQ.**
**GREGORY KINOIAN, ESQ.**
**SCOTT S. REVER, ESQ.**

In Re:

**ELITE HOME PRODUCTS, INC.,**

Debtor-in-Possession.

Chapter 11

Case No. 22-12353 SLM

Hearing Date:

Honorable Stacey L. Meisel

**MOTION FOR AUTHORIZATION TO MAINTAIN EXISTING**
**CASH MANAGEMENT SYSTEM**

**TO:    THE HONORABLE STACEY L. MEISEL**
**UNITED STATES BANKRUPTCY JUDGE:**

Elite Home Products, Inc., the debtor (the "Debtor" or "Elite") in the above captioned Chapter 11 case (the "Case") hereby files this Motion for Authorization to Maintain Existing Cash Management System (the "Motion"). In support of the Motion, the Debtor respectfully represents as follows:

**JURISDICTION, VENUE**

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The predicates for the relief requested herein are 11 U.S.C. §§ 105 and 363, and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. On March 24, 2022, Elite filed a voluntary chapter 11 petition (the "Petition Date") for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

4. The Debtor continues to manage and operate its businesses as Debtor-in-Possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

5. A complete description of the background of the Debtor, its business operations and the events leading up to the filing of this case is provided in the certification of Scott Perretz submitted in support hereof (the "Perretz Certification"), which is incorporated by reference herein.

## DEBTOR'S CASH MANAGEMENT

6. As of the Petition Date, Elite maintains bank accounts (or equivalents) at:

   a. M&T Bank ("M&T") operating account, account no. ending 6869 (the "M&T Account"); and

   b. PNC Bank ("PNC") credit card processing account, account no. ending 3045 (the "PNC Account").

## RELIEF REQUESTED

7. As described herein, the Debtor seeks an Order (a) authorizing the maintenance of the Accounts and the continued use of existing business forms and checks, and (b) authorizing the continued use of the Debtor's cash management system. The Debtor respectfully submits that this request is in the best interests of its estate and creditors.

Case 22-12353-SLM    Doc 8-2    Filed 03/25/22    Entered 03/25/22 11:23:45    Desc
Motion for authorization to maintain existing cash management system    Page 3 of 6

8. The Office of the United States Trustee has established certain operating guidelines for Debtors-in-Possession to supervise the administration of Chapter 11 case. These guidelines require a Chapter 11 debtor to, *inter alia*, (a) close all existing bank accounts and open new Debtor-in-Possession bank accounts and (b) obtain checks for all Debtor-in-Possession accounts which bear the designation "Debtors-In-Possession," and the bankruptcy case number. These requirements are designed to provide a clear line of demarcation between pre-petition and post-petition transactions and operations to prevent the inadvertent post-petition payment of prepetition claims.

9. The Debtor proposes to use the Accounts consistent with the Code, the Office of the United States Trustee's guidelines, and their prepetition cash management system.

10. By preserving business continuity and avoiding the operational and administrative delays, the relief requested herein is in the best interests of the Debtor's estate and all parties-in interest.

13. Additionally, subject to the terms of the applicable depository agreement, and until the Accounts are converted to "Debtor-in-Possession" accounts, the Banks should be entitled to honor existing uncashed checks issued by the Debtor as if the checks were marked "Debtor-in-Possession" and the respective account had the title of "Debtor-in-Possession." The Debtor will endeavor to mark all post-petition checks or transfers with the Debtor-in-Possession label but seek the relief herein to avoid inadvertent dishonor of post-petition payments during the transition into bankruptcy.

14. The Banks should be authorized and directed to accept and honor all representations from the Debtor as to which checks, drafts, or ACH transfers (or other transfers) should be honored or dishonored consistent with Orders entered by the Court, whether dated

prior to, on, or subsequent to the Petition Date, and whether or not the Banks believe the payment is authorized by an Order of the Court.

15.     The Debtor further requests the authorization to execute any additional documents as may be required to carry out the purposes recited in this Motion. The Debtor proposes to serve a copy of the Order on this Motion on the Banks within three (3) business days of the entry of the Order granting the sought-after relief.

## BASIS FOR RELIEF REQUESTED

16.     Requests for authorization to continue routine cash management systems are consistent with section 363(c)(1) of the Bankruptcy Code, which allows a Debtor-in-Possession to "use property of the estate in the ordinary course of business." 11 U.S.C. § 363(c)(1). The purpose of section 363(c)(1) of the Bankruptcy Code is to provide a Debtor-in-Possession with the flexibility to engage in the ordinary transactions required to operate their businesses without unneeded oversight by their creditors or the court. See In re Mr. Gatti's, Inc., 164 B.R. 929, 941 (Bankr. W.D. Tex. 1994) (section 363(c)(1) provides an "alternative to court-supervised payment"); In re Enron Corp., No. 01-16034 (ALG), 2003 WL 1562202, at *15 (Bankr. S.D.N.Y. Mar. 21, 2003); In re Centennial Healthcare Corporation, Case No. 02-74974 (Bankr. N.D. Ga. Dec. 24, 2002); Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne), 114 F.3d 379, 384 (2d Cir. 1997); Chaney v. Official Comm. Of Unsecured Creditors of Crystal Apparel, Inc. (In re Crystal Apparel, Inc.), 207 B.R. 406, 409 (S.D.N.Y. 1997).

17.     The authority granted by section 363(c)(1) extends to a debtor-in-possession's continued use of its customary cash management system and, thus, supports the relief requested. See, e.g., Charter Co. v. Prudential Ins. Co. Am. (In re Charter Co.), 778 F.2d 617, 621 (11th Cir. 1985) (indicating that an order authorizing the debtor to employ a cash management system that

was "usual and customary in the past" was "entirely consistent" with Section 363(c)(1)). Bankruptcy Courts routinely grant Chapter 11 Debtors authority to continue utilizing existing cash management systems, treating requests for such authority as relatively "simple matters." In re Baldwin-United Corp., 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987); In re UNR Indus. Inc., 46 B.R. 25, 27 (Bankr. N.D. Ill. 1984) (Debtor "utilize[d] a court-approved and common cash management system"). Bankruptcy Courts in this district and other districts have previously granted such relief. See, e.g., In re TXCO Resources Inc., et al., Case No. 09-51807 (Bankr. W.D. Tex. May 21, 2009); In re Spectrum Jungle Labs Corp., Case No. 09-50455 (Bankr. W.D. Tex. Feb. 5, 2009) (interim order); In re Gourmet Express, LLC, Case No. 07-52143 (Bankr. W.D. Tex. August, 27, 2007); In re SI Restructuring, Inc., Case No. 04-5404 (Bankr. W.D. Tex. August 11, 2004) (interim order); In re Integra Hospital Plano, L.L.C., Case No. 08-42998 (Bankr. E.D. Tex. Nov. 26, 2008); In re Bag Liquidation, Case No. 08-32096 (Bankr. N.D. Tex. May 12, 2008); In re OneTravel Holdings, Inc., Case No. 06-70085 (Bankr. W.D. Tex. July 20, 2006).

18. The Court may also exercise its equitable powers to grant the relief requested herein. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title." 11 U.S.C. § 105(a). Continuing the Debtors' Cash Management System without interruption, is vital to the survival of the Debtor and any successful reorganization.

19. For the reasons set forth herein, and consistent with the relief granted in the cases cited above, the Debtor submits that it is in the best interests of its estate, creditors, and other parties in interest for the Debtor to continue its pre-petition cash management system.

**NOTICE**

20. Notice of this Motion has been given to: (i) the top twenty (20) unsecured creditors of the Debtor; (ii) the United States Trustee; (iii) those persons who have formally appeared in these cases and requested service pursuant to Bankruptcy Rule 2002; (iv) the Banks at which the Accounts are maintained; and (v) all applicable government agencies to the extent required by the Bankruptcy Rules and the local rules of this Court. The Debtor submits that no other or further notice of the Motion is necessary.

## PRAYER FOR RELIEF

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order:

(a) authorizing the continued use of the Debtor's existing cash management system;

(b) authorizing and directing the Banks to administer the Debtor's accounts as requested in this Motion; and

(c) such other and further relief to which they may be justly entitled.

Respectfully submitted,

**GENOVA BURNS, LLC**
*Proposed Counsel for Debtor*

Date: March 25, 2022

*/s/    SCOTT S. REVER*
SCOTT S. REVER